**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:20-cv-6283 |
| Plaintiff, ) | |
| ) | Honorable Jorge L. Alonso |
| v. ) | |
| ) | |
| BILAL AHMED, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT MOTION FOR CONSENT JUDGMENT
REVOKING NATURALIZATION**

The United States of America ("Plaintiff") and Bilal Ahmed ("Defendant") jointly move this Court to enter the attached proposed Consent Judgment Revoking Naturalization. This motion is supported by Defendant's admission to, and acknowledgment of the truth of, the specific facts identified below.

**FACTUAL BACKGROUND**

On or about April 25, 2011, Defendant filed a Form N-400, Application for Naturalization ("naturalization application"), with U.S. Citizenship and Immigration Services ("USCIS") seeking citizenship based on his status as a permanent resident for at least five years. *See* ECF No. 1-2 (Complaint at Ex. B - Form N-400, Application for Naturalization).

On August 17, 2011, a USCIS examiner placed Defendant under oath and orally interviewed him regarding his naturalization application to determine his eligibility for naturalization.

On or about February 3, 2012, based on Defendant's representations in his naturalization application and on his sworn testimony during his naturalization interview, USCIS approved Defendant's naturalization application.

On February 16, 2012, based on Defendant's approved naturalization application and on the responses he provided that same day on Form N-445, Notice of Naturalization Oath Ceremony, Defendant was administered the oath of allegiance, admitted to U.S. citizenship, and issued Certificate of Naturalization No. 35002842.

On October 2, 2014, pursuant to a plea agreement, *see United States v. Ahmed*, No. 1:14-cr-134, ECF No. 38 (N.D. Ill. Oct. 2, 2014), Defendant pled guilty to Count One of a Superseding Indictment, willfully violating export control regulations, in violation of 50 U.S.C. § 1705(a), (c), and 15 C.F.R. §§ 736.2, 764.2, *see id.* at ECF No. 30. *See* ECF No. 1-3 (Complaint at Ex. C - Plea Agreement). Defendant admitted the following as part of his plea agreement:

(a) Defendant was the owner and president of Trexim Corporation and was regularly involved in the negotiation, purchase, and export of materials from U.S. manufacturers to overseas locations, including to Pakistan.

(b) Defendant knew that the export of goods, particularly the export of goods designated as "dual use" items, was controlled in some instances by the Department of State and the Department of Commerce. Defendant was aware that certain items required a license issued from either the Department of State or the Department of Commerce in order to be exported from the United States. In addition, Defendant knew that no good could be shipped to certain entities, including Pakistan's Space and Upper

> Atmosphere Research Commission (SUPARCO), without first having received a license from the U.S. government.
>
> (c) In around June 2009, Defendant agreed to purchase carbon fiber in the United States and export it to SUPARCO.
>
> (d) On June 25, 2009, Defendant ordered 687.83 pounds of Tenax-E HTS40 F13 12K 800 tex carbon fiber. The carbon fiber shipped to Defendant on July 1, 2009, and the package included a shipping notice with the following statements: "Products for U.S. Domestic Use Only," and "These commodities, technology or software are controlled by U.S. Export Administration Regulations. Diversion contrary to U.S. law is prohibited."
>
> (e) On July 7, 2009, Defendant shipped the carbon fiber from a UPS location in Schaumburg, Illinois, to Pakistan and its SUPARCO. The package arrived in Pakistan on July 20, 2009.
>
> (f) Defendant knew and had reason to know that the carbon fiber that he exported from Illinois to Pakistan was subject to export regulation for nuclear proliferation and anti-terrorism reasons and therefore required a license to be exported to Pakistan. Despite knowing that the carbon fiber was subject to export regulation and required a license for export, neither Defendant nor Trexim Corporation ever applied for or obtained a license to ship the product to Pakistan.

Complaint at Ex. C – Plea Agreement at ¶ 6.

## STATUTORY BACKGROUND

The Immigration and Nationality Act ("INA") provides for the revocation of an individual's naturalized U.S. citizenship for either of two independent grounds: (1) if the

3

naturalization was illegally procured; or (2) if the naturalization was procured by concealment of a material fact or by willful misrepresentation. 8 U.S.C. § 1451(a). "Illegal procurement" has occurred where an applicant naturalized despite failing to comply with all congressionally-imposed prerequisites to the acquisition of citizenship. *Fedorenko v. United States*, 449 U.S. 490, 517 (1981). Naturalization was procured by concealment of a material fact or by willful misrepresentation where: (1) the naturalized citizen misrepresented or concealed some fact during the naturalization process; (2) the misrepresentation or concealment was willful; (3) the fact was material; and (4) the naturalized citizen procured citizenship as a result of the misrepresentation or concealment. *Kungys v. United States*, 485 U.S. 759, 767 (1988). Where the government establishes that the defendant's citizenship was procured illegally or by willful misrepresentation of material facts, "district courts lack equitable discretion to refrain from entering a judgment of denaturalization." *Fedorenko*, 449 U.S. at 517.

Based on the agreed facts and law, Defendant illegally procured his naturalized citizenship.

**ANALYSIS**

The parties agree that Defendant illegally procured his citizenship because he lacked the requisite good moral character, as alleged in Count One, which rendered him ineligible to naturalize. Complaint at ¶¶ 39-47; *see* 8 U.S.C. § 1427(a)(3). Congress has mandated that an individual may not naturalize unless that person "during all periods referred to in the subsection has been and still is a person of good moral character." 8 U.S.C. § 1427(a)(3). An individual applying to naturalize as U.S. citizen must be a person of good moral character for a "statutory period" that begins five years before the date the individual applies for naturalization and continues until the individual takes the oath of allegiance and becomes a U.S. citizen. *Id.*; 8

C.F.R. § 316.10(a)(1). For Defendant, the "statutory period" began on April 25, 2006, and continued until February 16, 2012.

An individual who, during the statutory period, commits an unlawful act adversely reflecting upon his or her moral character cannot meet the good moral character requirement unless he or she proves that extenuating circumstances existed. *See* 8 C.F.R § 316.10(b)(3)(iii); 8 U.S.C. § 1101(f).

The conduct Defendant admitted as part of his agreement to plead guilty to violating 50 U.S.C. § 1705(a), (c), and 15 C.F.R. §§ 736.2, 764.2, constitutes unlawful acts adversely reflecting upon his moral character, and Defendant cannot prove the existence of any extenuating circumstances. His unlawful acts precluded him from establishing good moral character under 8 U.S.C. § 1101(f). Because Defendant was statutorily barred from establishing the requisite good moral character to naturalize, Defendant concedes that his naturalization was illegally procured and that this Court should enter an order of denaturalization under Count One of the Complaint.[1]

Defendant seeks entry of judgment in this matter on his own accord, and his consent to seek such judgment is entirely voluntary. Undersigned Government counsel advised Defendant to obtain legal counsel, but Defendant nonetheless declined to obtain such counsel. Defendant understands that any judgment entered in this matter is separate from any potential subsequent action to remove Defendant from the United States and that Defendant's consent to judgment in this matter does not limit the capacity of any other Government agency to seek Defendant's removal from the United States.

**CONCLUSION**

---

[1] The parties note that because all three counts in the Complaint seek the same relief, if the Court grants judgment for Plaintiff on Court One, the remaining counts will be rendered moot.

5

In light of the facts above that Defendant admits are true, Defendant agrees with Plaintiff that denaturalization is proper and, to avoid the delay, uncertainty, inconvenience, and expense of further litigation, does not wish to further contest denaturalization. Accordingly, Plaintiff and Defendant jointly move this Court for an order providing the relief requested in the attached proposed Consent Judgment Revoking Naturalization. The parties jointly request that the Court's judgment be effective no earlier than May 31, 2021. The parties also jointly request the Court to set a hearing for approximately 21 days from the effective date of the Judgment at which Defendant, appearing in person or telephonically (subject to whichever method the Court deems most appropriate at that time given Covid-related health concerns), must demonstrate that he has complied with the Judgment, unless Plaintiff provides notice to the Court that Defendant has fully complied and the Judgment is satisfied.

Respectfully submitted,

**FOR Bilal Ahmed:**

By: *[signature: Bilal Ahmed]*
BILAL AHMED
ahmedbil@yahoo.com

Dated: __February__ 16th, 2021

*Defendant*

State of Florida County of Pasco
Subscribed and sworn before me this 16th day of February, 2021

*[signature]*
Notary Public Crystal Chillura

My commission expires 10/06/2024

Notarized online using audio-video communication

CRYSTAL CHILLURA
Notary Public - State of Florida
Commission # HH51131
Expires on October 6, 2024

**FOR the United States of America:** Pasco Florida

6

**FOR the United States of America:**

      BRIAN M. BOYNTON
      Acting Assistant Attorney General
      Civil Division

      TIMOTHY M. BELSAN
      Director, Enforcement Section
      Office of Immigration Litigation

      J. MAX WEINTRAUB
      Senior Litigation Counsel
      Enforcement Section

By:   /s/ *Christopher W. Hollis*
      CHRISTOPHER W. HOLLIS
      Trial Attorney
      United States Department of Justice
      Office of Immigration Litigation
      Enforcement Section
      P.O. Box 868, Ben Franklin Station
      Washington, DC 20044
      Tel.: (202) 305-0899; 616-8962 (fax)
      christopher.hollis@usdoj.gov

      Dated: February 16, 2021

      *Counsel for Plaintiff*

CERTIFICATE OF SERVICE

    I hereby certify that, on this 16th day of February 2021, I electronically filed the foregoing Joint Motion for Consent Judgment Revoking Naturalization and lodged the [Proposed] Consent Judgment Revoking Naturalization with the Clerk of the Court using CM/ECF. I also certify that, per Defendant's representation to me, Defendant is not represented by counsel and that service of the above-referenced documents will be effected on Defendant in electronic form via the email address Defendant has provided me, ahmedbil@yahoo.com, and will be effected in hardcopy form at an address to be identified by Defendant at his earliest opportunity after CM/ECF filing of this document.

                                                /s/ *Christopher W. Hollis*
                                                CHRISTOPHER W. HOLLIS
                                                Trial Attorney